UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRENDA CHOATE, Personal Representative of the Estate of Ryan Rideout, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV-08-49-B-W |
| JEFFREY MERRILL, et al. | ) ) | |
| Defendants. | ) ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISIONS
OF THE MAGISTRATE JUDGE**

The estate of an inmate who committed suicide sued individual prison officers, administrators of the correctional facility, and the facility's healthcare provider, claiming that their violations of his civil and constitutional rights caused his death. All Defendants moved to dismiss and/or for summary judgment; the Magistrate Judge recommended the Court grant all motions, save one. The Court has reviewed and considered the Magistrate Judge's Recommended Decisions, together with the entire record, and has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decisions. The Court affirms the Magistrate Judge's Recommended Decisions for the reasons in her recommendations and for the additional reasons in this Order.

**I.      STATEMENT OF FACTS**[1]

On February 15, 2008, Brenda Choate filed a complaint for violations of the United States and Maine State Constitutions relating to the death of her son Ryan Rideout in the Special

---

[1] The Court provides a curtailed version of events because the underlying facts are fully set out in the Magistrate Judge's Recommended Decisions. The Court recounts sufficient facts to place this Order in context and to clarify a somewhat tangled procedural history.

Management Unit of the Maine State Prison on October 5, 2006.[2]  *Compl.* (Docket # 1).  The Complaint alleges that after Mr. Rideout was discovered hanging in his cell, the Defendants should have responded with greater haste and competency or should have had policies so that the responders would have done so more appropriately.

Named as Defendants are prison officers—Bobby Lee Beard and Michael Peters; prison administrators—Jeffrey Merrill (Warden of the Maine Department of Corrections), Nelson Reilly (Deputy Warden of Maine Department of Corrections), James O'Farrell (Deputy Warden, Chief of Security, and Supervisor of the Special Management Unit), and Martin Magnusson (Commissioner of the Department of Corrections); and, the private medical provider for the prison—Correctional Medical Services, Inc. (CMS).[3]

On June 19, 2009, CMS moved to dismiss.  *CMS's Mot. to Dismiss Fourth Amended Compl.* (Docket # 116).  On June 20, 2009, Martin Magnusson, James O'Farrell, Jeffrey Merrill, and Nelson Reilly moved to dismiss.  *Magnusson, O'Farrell, Merrill, and Reilly Mot. to Dismiss* (Docket # 118).  On June 22, 2009, James O'Farrell also moved for summary judgment, *O'Farrell's Mot. for Summ. J.* (Docket # 119), as did Michael Peters.  *Peters' Mot. for Summ. J.* (Docket # 122).  On June 29, 2009, Bobby Lee Beard moved for summary judgment.  *Beard's Mot. for Summ. J.* (Docket # 130).  On August 2, 2009, Ms. Choate filed a consolidated response to all these motions.  *Consolidated Resp. to Mots. to Dismiss and Mots. for Summ. J.* (Docket # 142).

On August 13, 2009, CMS replied to Ms. Choate's response.  *CMS's Reply to Choate's Resp. to CMS's Mot. to Dismiss* (Docket # 154).  On August 14, 2009, Defendants Magnusson,

---

[2] The Court granted four motions to amend the original complaint: March 25, 2008, May 15, 2008, September 16, 2008, and May 29, 2009.  *Amended Compl.* (Docket # 3); *Second Amended Compl.* (Docket # 23), *Third Amended Compl.* (Docket # 49), *Fourth Amended Compl.* (Docket # 113).

[3] Several parties initially included in the lawsuit have been terminated.  (Docket #s 81, 83, 84, 95, 169).  The Court limits its discussion to the parties who are part of the pending motions.

O'Farrell, Merrill, and Reilly replied to Ms. Choate's response to their motion to dismiss. *Magnusson et. al's Reply to Choate's Resp. to Magnusson et. al's Mot. to Dismiss* (Docket # 155). On August 18, 2009, Mr. Peters replied to Ms. Choate's response to his motion for summary judgment. *Peters' Reply to Choate's Resp. to Peters' Mot. for Summ. J.* (Docket # 156). On August 20, 2009, Mr. O'Farrell replied to her response to his motion for summary judgment, *O'Farrell's Reply to Choate's Resp. to O'Farrell's Mot. for Summ. J.* (Docket # 160), and Mr. Beard replied to her response to his motion for summary judgment. *Beard's Reply to Choate's Resp. to Beard's Mot. for Summ. J.* (Docket # 162).

On October 20, 2009, the Magistrate Judge recommended that the court grant CMS's motion to dismiss, *Recommended Decision on CMS's Mot. to Dismiss* (Docket # 170); that the Court grant James O'Farrell's motion for summary judgment and Martin Magnusson, James O'Farrell, Jeffrey Merrill, and Nelson Reilly's motion to dismiss, *Recommended Decision on O'Farrell's Mot. for Summ. J. and Magnusson et. al's Mot. to Dismiss* (Docket # 171) (*O'Farrell and Magnusson et. al Rec. Dec.*); that the Court grant Mr. Peters' motion for summary judgment, *Recommended Decision on Peters' Mot. for Summ. J.* (Docket # 172) (*Peters Rec. Dec.*); and that the Court deny Mr. Beard's motion for summary judgment. *Recommended Decision on Beard's Mot. for Summ. J.* (Docket # 173) (*Beard Rec. Dec.*).[4]

On November 6, 2009, Mr. Beard objected to the Magistrate Judge's recommendation to deny his motion. *Beard's Objection to Recommended Decision* (Docket # 176) (*Beard Obj. to Beard Rec. Dec.*) and Ms. Choate objected to the Magistrate Judge's recommendation to grant CMS's motion. *Choate Objection to CMS Recommended Decision* (Docket # 177) (*Choate Obj.*

---

[4] Ms. Choate has not challenged the Magistrate Judge's recommendation to grant James O'Farrell's motion for summary judgment and the Magnusson, O'Farrell, Merrill, and Reilly motion to dismiss. *O'Farrell and Magnusson et. al Rec. Dec.* She also does not challenge the recommendation to grant Mr. Peters' motion for summary judgment. *Peters Rec. Dec.* The Court agrees with the analysis of the Magistrate Judge and affirms both recommendations without objection.

3

*to CMS Rec. Dec.*).  On November 25, 2009, CMS responded to Ms. Choate's objections. *CMS's Resp. to Choate Obj. to Rec. Dec.* (Docket # 178). On November 27, 2009, Ms. Choate responded to Mr. Beard's objections. *Choate's Resp. to Beard Obj. to Rec. Dec.* (Docket # 179).

## II.   DISCUSSION

### A.   Correctional Medical Services: Converting the Motion to Dismiss

The Plaintiff's main objection is that, after the Plaintiff responded to CMS's motion to dismiss with a statement of material fact, the Magistrate Judge refused to convert CMS's motion to dismiss to a motion for summary judgment under Rule 12(d) (then Rule 12(b)). *Choate Obj. to CMS Rec. Dec.* at 2. The Plaintiff's objection misses the mark. Whether a Rule 12(d) motion should be converted to a Rule 56 motion rests in the sound discretion of the trial court. *Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 321 (1st Cir. 2008) (stating "[a]t the discretion of the district court, a motion to dismiss may be converted to a motion for summary judgment if the court chooses to consider materials outside the pleadings in making its ruling."); *Buck v. American Airlines, Inc.*, 476 F.3d 29, 38 (1st Cir. 2007) (denying a claim that the district court failed to convert a motion to dismiss into a motion for summary judgment because "conversion is wholly discretionary with the district court").

Here, the Magistrate Judge acted well within her discretion in refusing to convert the motion. In deciding whether to convert the motion, the Magistrate Judge painstakingly reviewed each of the new facts the Plaintiff submitted, and she concluded that the new allegations did not change the legal landscape. Far from abusing her discretion, the Magistrate Judge set forth in detail why she had concluded that the Plaintiff's proposed facts did not justify converting the motion to one for summary judgment. She essentially concluded that to do so would be futile. In performing its *de novo* review, the Court has carefully reviewed the Magistrate Judge's

analysis and concurs with her conclusions. Thus, for the reasons fully articulated in the Magistrate Judge's Recommended Decision, the Court has excluded the Plaintiff's proffered material and has relied only upon the allegations in the Plaintiff's Fourth Amended Complaint in granting the motion to dismiss.[5]

### B. Bobby Lee Beard: Speculative Assertions

Mr. Beard objects that the Magistrate Judge "erred by giving credit to Plaintiff's speculative assertions." *Beard Obj. to Beard Rec. Dec.* at 6. He contends that because Mr. Rideout was dead (or non-revivable) when he first discovered him, "nothing Beard did—or did not do—could have demonstrated deliberate indifference." *Id.* at 2.

Viewing the facts "in the light most favorable to the nonmovant," however, Ms. Choate has raised a factual question as to whether Mr. Rideout was in fact dead when Mr. Beard first discovered him. *Flowers v. Fiore*, 359 F.3d 24, 29 (1st Cir. 2004) (stating the summary judgment standard). Mr. Beard does not dispute the Magistrate Judges' summary of the relevant facts: Officer St. Pierre, one of the responding officers, stated that Mr. Rideout was still white in the face and he felt they had a chance to revive him. *Beard Rec. Dec.* at 8. Ms. Choate's expert, Dr. Charles Abney, testified that the automated external defibrillator (AED) shocked Rideout one time in the medical unit and usually a shock indicates some cardiac rhythm is present. *Id.* Such facts are sufficient to overcome Mr. Beard's motion for summary judgment.

### III. CONCLUSION

1. It is therefore <u>ORDERED</u> that the Recommended Decisions of the Magistrate Judge (Docket #s 170, 171, 172, and 173) are hereby <u>AFFIRMED</u>.

---

[5] It is difficult to see how the Plaintiff was prejudiced by the Magistrate Judge's methodology. In her analysis, the Magistrate Judge treated the Plaintiff's proposed facts as if they were true, and it was only after concluding that the proposed facts did not change the outcome that the Magistrate Judge decided that the motion should not be converted to a motion for summary judgment. In effect, the Magistrate Judge previewed the result as if the motion were converted and based on the Plaintiff's best case, concluded the result would be the same.

2. It is further ORDERED that Correctional Medical Service's Motion to Dismiss (Docket # 116) be and hereby is GRANTED.

3. It is further ORDERED that James O'Farrell's Motion for Summary Judgment (Docket # 119) be and hereby is GRANTED.

4. It is further ORDERED that James O'Farrell, Martin Magnusson, Nelson Reilly, and Jeffrey Merrill's Motion to Dismiss (Docket # 118) be and hereby is GRANTED.

5. It is further ORDERED that Michael Peters' Motion for Summary Judgment (Docket # 122) be and hereby is GRANTED.

6. Finally, it is ORDERED that Bobby Lee Beard's Motion for Summary Judgment (Docket # 130) be and hereby is DENIED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 16th day of February, 2010